**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000429**
**30-NOV-2022**
**08:28 AM**
**Dkt. 93 MO**

NO. CAAP-17-0000429

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SHIGEZO HAWAII, INC., A HAWAII CORPORATION,
Plaintiff-Appellant,
v.
SOY TO THE WORLD INCORPORATED, A HAWAII CORPORATION;
INOC CORPORATION, A HAWAII CORPORATION, dba SOY
TO THE WORLD; EMI YAMADA, dba HANA SOY; MUNEHIRO
YAMADA; YUJI IWATA; YOSHIHIRO WATANABE; FUJIYA
HONPO, INC., A HAWAII CORPORATION; ADAMAYS LLC,
Defendants-Appellees,
and
JOHN DOES 2-20; JANE DOES 1-20; DOE PARTNERSHIPS
1-20; DOE CORPORATIONS 1-20; and DOE GOVERNMENT
ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2586)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant, Shigezo Hawaii, Inc. (**Shigezo Inc.**), appeals from the (1) Amended Findings of Fact, Amended Conclusions of Law and Amended Order (**FOFs, COLs and Amended Order**); (2) Order Confirming Defendants Exhibits A-9 and A-10 Are Received into Evidence *Nunc Pro Tunc* to the Date of Trial (**Order Receiving Exhibits**), both filed on April 20, 2017; and (3) First

Amended Judgment entered on September 8, 2017 by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Shigezo Inc. contends that the Circuit Court erred on remand by: (1) abusing its discretion and violating Shigezo Inc.'s due process rights by admitting the witness declarations in Exhibits A-9 and A-10 *nunc pro tunc* to the date of the 2013 trial, in Points of Error (**POEs**) 1 and 6; (2) concluding the transfer was not voidable because the transferee took the tofu-making machinery in good faith and for reasonably equivalent value, in POEs 2 and 3; and (3) concluding there was no evidence of the value of the transferred assets and awarding Shigezo Inc. nominal damages of one dollar, in POEs 4 and 5.[2]

We hold that the Circuit Court's award of nominal damages was inconsistent with its determination of $40,000.00 as the present value of the transfer as of the August 20, 2007 date of transfer. We thus vacate and remand as to the Circuit Court's conclusion regarding damages and affirm in all other respects.

## I. BACKGROUND

This appeal arises out of the 2017 hearing on remand, following our 2016 disposition that vacated a judgment and award of nominal damages on four claims alleging violations of Hawaii Revised Statutes (**HRS**) Chapter 651C, Hawaiʻi's Uniform Fraudulent Transfer Act (**HUFTA**). See Shigezo Haw., Inc. v. Soy to the World Inc., et.al., No. CAAP-14-0000920, 2016 WL 4542016 (App. Aug. 31, 2016) (SDO) (**Shigezo I**). Shigezo I was an appeal from a 2013

---

[1]     The Honorable Rhonda A. Nishimura presided.

[2]     We have consolidated, reorganized, and restated the six POEs for clarity. Shigezo Inc.'s POEs do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii), which requires an appellant to cite to the parts of the record where "the alleged error was objected to" or "brought to the attention of the court." Instead, for each POE, Shigezo repeatedly states: "This error is raised on appeal." Merely stating that the "error is raised on appeal" does not comply with the HRAP requirement to cite where in the record the error was objected to or otherwise preserved below. However, to the extent the remaining sections of the Opening Brief may provide the necessary information in the record to enable consideration of the contentions, we will do so. See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up) (upholding policy of hearing cases on the merits where possible, despite noncompliance with HRAP Rule 28, "where the remaining sections of the brief provide the necessary information to identify the party's argument.").

jury-waived trial that involved an underlying business dispute, debt collection attempts, and the alleged fraudulent transfer of business assets, including tofu-making machinery.  Id.

The underlying business dispute between Shigezo Inc. and tofu artisan Munehiro Yamada (**Yamada**), and Yamada's company INOC Corporation (**INOC**), led to a 2007 lawsuit filed in Civil No. 07-1-000977, which in turn, resulted in an October 7, 2008 default judgment for Shigezo Inc., in the amount of $141,865.40 against Yamada and INOC.  See Shigezo I, 2016 WL 4542016, at *1. INOC was a Hawaiʻi corporation doing business under the trade name **"Soy to the World,"** whose officers and directors were Yamada and his wife Emi Yamada (**Mrs. Yamada**).  Soy to the World manufactured and sold tofu.

After Shigezo Inc. filed the 2007 lawsuit but prior to the entry of the 2008 default judgment, Yamada relocated Soy to the World and its tofu-making machinery to the premises of Fujiya Honpo, Inc. (**Fujiya Inc.**).  Yamada and Soy to the World obtained a $40,000.00 loan from Fujiya Inc. director Yuji Iwata (**Transferee Iwata**) and Yoshihiro Watanabe (**Watanabe**); and the tofu-making machinery was used as collateral for the loan.

In October 2008, Shigezo Inc. attempted to collect its judgment against Yamada and Soy to the World, and obtained a writ of execution for property, including the tofu-making machinery. Shigezo Inc. was unable to levy on the tofu-making machinery because on October 27, 2008, Transferee Iwata and Watanabe claimed a right of co-ownership to the tofu-making machinery, which was then located at the Fujiya Inc. factory.

On December 15, 2008, Shigezo Inc. filed the complaint in the instant case, Civil No. 08-1-002586, against INOC, Yamada, Mrs. Yamada, Soy to the World, Transferee Iwata, Fujiya Inc. and Watanabe,[3] alleging HUFTA violations and other claims arising out of Shigezo Inc.'s debt collection attempts.

---

[3]     On December 22, 2009, the Circuit Court entered a default judgment against Watanabe for failure to plead or defend.

In 2011, Shigezo Inc. removed the instant case to the United States Bankruptcy Court of the District of Hawaiʻi following Yamada's Chapter 7 bankruptcy petition, and a 2012 bankruptcy trial was held on the dischargeability of Shigezo Inc.'s claims against Yamada. The Bankruptcy Court ruled that the claims against Yamada were dischargeable, and remanded Shigezo Inc.'s claims against all other defendants to the Circuit Court.

Trial was held in 2013, and the Circuit Court concluded, *inter alia*, that Shigezo Inc. had proved that the transfer of the tofu-making machinery was fraudulent under HRS § 651C-4(a)(1);[4] however, the Court ruled that the transfer was not voidable under HRS § 651C-8(a)[5] as to Transferee Iwata because Shigezo Inc. had not disproved Transferee Iwata's defense. The Circuit Court also ruled that Shigezo Inc. had failed to present competent evidence of damages on its HUFTA claims and awarded Shigezo Inc. nominal damages in the amount of one dollar against INOC. On appeal, we held that the Circuit Court erred by placing the burden on Shigezo Inc. to disprove Transferee Iwata's defense, because the burden is on the transferee to prove the transferee's defense under HRS § 651C-8(a). See Shigezo I, 2016 WL 4542016, at *2. Regarding Shigezo Inc.'s contention that the Circuit Court erred in stating there was no evidence of the value of the property conveyed, we noted that the Circuit Court could

---

[4]     HRS § 651C-4 (2016), entitled "Transfers fraudulent as to present and future creditors" provides:

> (a)   A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (1) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]

[5]     HRS § 651C-8 (2016), entitled "Defenses, liability, and protection of transferee" provides:  "(a) A transfer or obligation is not voidable under section 651C-4(a)(1) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."

"clarify or modify its 'no evidence' finding" on remand.[6]  <u>Id.</u> at
*4.

**2017 Remand**

On remand following <u>Shigezo I</u>, the record reflects that
the parties submitted proposed amended FOFs and COLs.  On March
30, 2017, the Circuit Court held a status conference hearing
regarding whether or not the parties intended to stipulate
Exhibit A-9 (Transferee Iwata's Declaration) and Exhibit A-10
(Mrs. Yamada's Declaration) into evidence at the 2013 trial.  The
Court ruled, over Shigezo Inc.'s objection, that the parties
intended to admit both declarations as exhibits at trial, and
received the exhibits *nunc pro tunc* back to the date of trial.
On April 20, 2017, the Circuit Court filed the Order Receiving
Exhibits and the FOFs, COLs and Amended Order.  In the FOFs, COLs
and Amended Order, the Circuit Court concluded that Transferee
Iwata met his burden to prove that he was a good faith transferee
of the tofu-making machinery for reasonably equivalent value, and
that the "transfer is not voidable for purposes of Plaintiff
Shigezo's UFTA claims[.]"  COL 25.  In addition, the Court
concluded that Shigezo Inc. was entitled to nominal damages of
"'One Dollar'" against INOC for failure to provide "'any
competent evidence'" of damages.  COL 26.

## II.  STANDARDS OF REVIEW

### A.  FOFs

We review a trial court's findings of fact under the
clearly erroneous standard. A finding of fact is clearly

---

[6]      In <u>Shigezo I</u>, we observed that:

[t]he Circuit Court's adoption of the Bankruptcy Court's
finding that there was "no evidence" of the current value of
the tofu making machine (at the time of transfer) appears
somewhat inconsistent with the Circuit Court's additional
adoption of Iwata's testimony that he accepted the tofu
making machinery as collateral for loaning or advancing
$40,000.00 to [Yamada]/INOC and that he and Watanabe
asserted co-ownership of this machinery when [Yamada]/INOC
was unable to repay the $40,000.00.

2016 WL 4542016 at *4.

5

> erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed. A finding of fact is also clearly erroneous when the record lacks substantial evidence to support the finding .... Hawaiʻi appellate courts review conclusions of law de novo, under the right/wrong standard.

Schmidt v. HSC, Inc., 145 Hawaiʻi 351, 360, 452 P.3d 348, 357 (2019) (quoting Beneficial Haw., Inc. v. Kida, 96 Hawaiʻi 289, 305, 30 P.3d 895, 911 (2001)).

### B. COLs and Mixed Questions

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. This court ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

Chun v. Bd. of Trustees of Emps. Retirement Sys. of State of Haw., 106 Hawaiʻi 416, 430, 106 P.3d 339, 353 (2005) (citations, internal quotation marks, and brackets omitted) (quoting Allstate Ins. Co. v. Ponce, 105 Hawaiʻi 445, 453, 99 P.3d 96, 104 (2004)).

### III. DISCUSSION

### A. POEs 1 and 6, admission of exhibits

POEs 1 and 6 deal with the admission of Transferee Iwata's and Mrs. Yamada's declarations as Exhibits A-9 and A-10 into the record of the 2013 trial. Shigezo Inc. contends that its due process rights were violated when the Circuit Court admitted the two witness declarations *nunc pro tunc* because: (1) Shigezo Inc. was denied cross-examination of the witnesses; and (2) the admission of the declarations contradicted the Circuit Court's grant of Motion in Limine (**MIL**) #6, which prevented Transferee Iwata from testifying regarding the Bill of Sale for lack of personal knowledge. Shigezo Inc. also argues that its counsel did not have the "intent" to stipulate to these exhibits.

Shigezo Inc.'s argument that it was denied the right to cross-examine Transferee Iwata and Mrs. Yamada was not preserved

below or properly presented on appeal. In the Opening Brief, Shigezo Inc. did not identify where it objected to, or otherwise preserved, the issue of the denial of the right to cross-examine during the 2013 trial, and it is thus waived. See HRAP Rule 28(b)(4); Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions.") (citations and internal quotation marks omitted). Assuming *arguendo* it was preserved, it is nevertheless without merit in light of unchallenged FOF 34,[7] which states: "[b]oth [(Transferee)] Mr. Iwata and [Mrs.] Yamada were present during the jury-waived trial on August 20, 2013 for examination by [Shigezo Inc.]'s counsel. However, except for brief testimony elicited from Mr. Maruko by [Shigezo Inc.]'s counsel, no other witnesses were called upon to testify during [Shigezo Inc.]'s case-in-chief." Thus, given that both Transferee Iwata and Mrs. Yamada were present and available for examination at the 2013 trial, Shigezo Inc. cannot claim appellate error where it made no attempt to examine.

We are unable to review Shigezo Inc.'s argument challenging the admission of Transferee Iwata's declaration based on the MIL #6 ruling, because no transcript of the MIL hearing is provided. "[A]ppellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (quoting Union Building Materials Corp. v. The Kakaako Corp., 5 Haw.App. 146, 151, 682 P.2d 82, 87 (1984)). Without the transcript from the MIL hearing, we have no basis upon which to review whether MIL #6 placed limitations on Transferee Iwata's testimony. See id. at 231, 909 P.2d at 559 ("Without the transcript of the August 6, 1993 hearing, we have

---

[7] Unchallenged FOFs are binding. See Kelly v. 1250 Oceanside Partners, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006) (citations omitted).

no basis upon which to review the family court's imposition of sanctions, which we therefore leave undisturbed.").

Shigezo Inc.'s remaining argument that its counsel did not intend to stipulate to the exhibits is also without merit, where the record reflects counsel's agreement to stipulate in an email,[8] and the Circuit Court so found, as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the <u>Declaration of Yuji Iwata as Direct Testimony</u> and <u>Declaration of Emi Yamada as Direct Testimony</u>, both filed on August 5, 2013, two (2) weeks before trial held on August 20, 2013, **were intended to be admitted as direct testimony** and were not prejudicial to [Shigezo Inc.] as it was provided the opportunity to cross-examine the witnesses at trial, who they chose not to examine. This Order hereby clarifies the record, confirming that the Court did receive into evidence Exhibit A-9 <u>Declaration of Yuji Iwata As Direct Testimony</u>, filed August 5, 2013, as well as Exhibit A-10 <u>Declaration of Emi Yamada As Direct Testimony</u>, filed August 5, 2013 *nunc pro tunc* to the date of trial.

(Bolding added). In light of this record, the Circuit Court's factual finding that Shigezo Inc.'s counsel did intend to stipulate to the exhibits is not clearly erroneous. See <u>Schmidt</u>, 145 Hawaiʻi at 360, 452 P.3d at 357 (A FOF is clearly erroneous if the record "lacks substantial evidence to support the finding," or "despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed.") (citations omitted).

"The admission of evidence lies within the discretion of the trial court, and the court's decision will be overturned only where there has been a clear abuse of discretion. Abuse of discretion is shown when the court's decision clearly exceeded

---

[8] Within the submissions for the March 30, 2017 hearing was a July 25, 2013 email chain between the parties' counsels, in which Shigezo's counsel stated: "As to trial testimony, I would like to stipulate Emi Yamada and Yuji Iwata's testimony as exhibits." The Circuit Court agreed with Defendants-Appellees' counsel that the email discussed stipulating to other Exhibits A-4, A-5, A-6, A-7, and A-8 and that the next exhibits in order were the subject declarations in Exhibits A-9 and A-10, and thus there was "[n]o undue prejudice, no surprise."

the bounds of reason or disregarded principles of law." <u>Myers v.</u>
<u>S. Seas Corp.</u>, 10 Haw.App. 331, 350, 871 P.2d 1235, 1244 (1992)
(citations omitted). We conclude that the Circuit Court did not
abuse its discretion in admitting the declarations in Exhibits A-
9 and A-10. <u>See</u> <u>id.</u>

### B. POEs 2 and 3, applicability of HRS § 651C-8(a) transferee defense

In POEs 2 and 3, Shigezo Inc. contends that the Circuit
Court erroneously concluded that Transferee Iwata took the tofu-
making machinery in good faith and for reasonably equivalent
value. The POEs specifically refer to "¶ 7" and "¶ 20" in the
FOFs, COLS and Amended Order.[9] Shigezo argues that based on what

---

[9] "¶ 7" appears to refer to COL 7, and "¶ 20" to COL 20 in the FOFs, COLs and Amended Order. These COLs state:

> 7. As to what constitutes "good faith", this court examines what [Transferee] Iwata "knew or should have known" from an objective standpoint as of August 20, 2007, in or around the time of the conveyance or transfer of the tofu-making machine and equipment, memorializing the same in the Bill of Sale and Warranty:
>
> • The $40,000.00 investment/loan by and between Mr. Yamada/INOC and Mr. Iwata/Fujiya Honpo was for a legitimate business purpose. . . . Mr. Iwata and Mr. Watanabe invested in Mr. Yamada's business due to "his personality, his craftsmanship" as a tofu artisan in manufacturing tofu products and their desire to expand the market of Soy to the World's tofu products.
>
> • Mr. Iwata was aware that the parties had exchanged the Bill of Sale and Warranty dated 8/20/2007, which document intended to memorialize the investment/loan by Mr. Iwata and Mr. Watanabe, such that the tofu-making machinery and equipment represented collateral for their loan/investment, Mr. Iwata and Mr. Watanabe being co-owners. The Bill of Sale and Warranty served a legitimate business purpose.
>
> • Due to Mr. Yamada's difficulties in meeting his rent obligations at the Manoa Market Place, he relocated his tofu-making operations to Fujiya's premises since the rent was lower, which Mr. Iwata permitted, desirous of Mr. Yamada being successful in his business of manufacturing tofu. . . . Mr. Iwata's allowance of this relocation served a legitimate business purpose. Mr. Iwata allowing Mr. Yamada to continue his tofu-making operations on Fujiya's premises served a legitimate business purpose.

(continued...)

Transferee Iwata knew or should have known at the time of the transfer on October 28, 2008 (not August 20, 2007, as the Circuit Court found), the tofu-making machinery was transferred in bad faith; and assuming *arguendo* the transfer date was August 20, 2007, there was no consideration for the $40,000.00 and no security interest created for the transfer.

HRS § 651C-8(a) "provides the transferee with a defense to the voiding of a fraudulent transfer if the transferee can show that he or she took the property in good faith and for a reasonably equivalent value." Shigezo I, 2016 WL 4542016, at *2. In determining whether the transferee received the transfer in good faith under HRS § 651C-8, courts look to what the transferee "objectively knew or should have known," instead of examining what the transferee actually knew from a subjective standpoint. In re Agric. Res. and Tech. Group, Inc., 916 F.2d 528, 535-36 (9th Cir. 1990) (internal quotation marks omitted).

Shigezo Inc. argues that the Circuit Court erroneously concluded that August 20, 2007 was the "transfer" date, because "substantial evidence show[ed] that October 28, 2008 is the date of transfer . . . ." In support, Shigezo Inc. points to Transferee Iwata's bankruptcy trial testimony, and argues that

---

[9](...continued)

- At some point in time, Mr. Iwata became aware of problems between Mr. Yamada/INOC and Shigezo, but not the specifics, testifying that, "I didn't want to get involved in what's going on between Shigezo and Mr. Yamada . . . . But I didn't even know that this was all going on, and it really puzzles me that I got involved in - in this like this."

- Mr. Iwata scolded Mr. Yamada when Mr. Yamada attempted to discuss the litigation between himself and Shigezo, such as to prevent any further discussion.

. . . .

20.      The Intermediate Court of Appeals in issuing its Summary Disposition Order filed August 31, 2016, remanded to this court specifically to address the following:  "Iwata, the transferee of the tofu making machinery, to prove that he had taken the transferred property in good faith and for a reasonably equivalent value".  This court answers in the affirmative.

Transferee Iwata "was evasive and vague in answering whether the receipt of the tofu machinery constituted a transfer of ownership or acquisition of collateral." Shigezo Inc. also cites portions of Transferee Iwata's testimony that support an October 28, 2008 transfer date as "consistent with YAMADA's testimony, that the ownership of the machine was transferred in or around 2008." Shigezo Inc. claims that "[b]ased on the erroneously entered finding that the machinery was collateral for the loan since 2007, the conclusions of law entered on that basis were incorrect." Shigezo Inc. also argues that Transferee Iwata had no security interest in the tofu-making machinery "because his interest was never perfected" as required "under Article 9 of the UCC to constitute security for debt."[10]

The Circuit Court's factual determination that August 20, 2007 was the date of transfer is supported by substantial evidence and not clearly erroneous. See Schmidt, 145 Hawaiʻi at 360, 452 P.3d at 357. Unchallenged COL 3 concluded: "[t]he transfer of the tofu-making machinery, equipment and supplies occurred in or around August 20, 2007 when the Bill of Sale was executed."[11] The August 20, 2007 Bill of Sale and Warranty "acknowledg[ed] an agreement by and between Mr. Yamada/INOC and [Transferee] Iwata/Fujiya [Inc.] and Mr. Watanabe whereby Mr. Yamada accepted $40,000 (from [Transferee] Iwata/Fujiya [Inc.] and other valuable consideration (from Mr. Watanabe), and in exchange, fully transferred and conveyed to them all soy milk machinery and equipment owned by INOC Corporation." COL 13. Transferee Iwata subsequently issued two checks totaling $40,000.00. FOF 5, COL 13. The first check of $25,000.00 was issued on May 30, 2008, and the second check of $15,000.00 was

---

[10] As to this argument based on the Uniform Commercial Code (**UCC**), there are no record references indicating whether this argument was raised below, and if so, whether the Circuit Court rejected it. This argument is waived, and we do not address it. See HRAP Rule 28(b)(4) and (7).

[11] Unchallenged COLs are binding. See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 125, 839 P.2d 10, 31 (1992).

issued on June 15, 2008 -- both before the entry of the October 6, 2008 judgment.  FOF 5.

COL 7, which Shigezo Inc. challenges, details the evidence indicating what Transferee Iwata "'knew or should have known'" as of August 20, 2007, the date of the Bill of Sale, and concludes that the $40,000 loan from Transferee Iwata "was for a legitimate business purpose."  The Circuit Court concluded in COL 8 that there was no indication that Transferee Iwata knew or should have known of any fraud, and that Transferee Iwata had a "'good faith' belief that his acceptance of the tofu-making machine . . . and equipment, and his subsequent assertion of his physical ownership rights in the tofu-making machine was not intended to delay or defraud Plaintiff Shigezo."  COL 10.

> It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part . . . .  An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge.

Porter v. Hu, 116 Hawaiʻi 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007) (quoting State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996)).  Shigezo Inc.'s arguments are based on its contrary view of the evidence and credibility of witnesses, and are unavailing.  See id.  It was properly within the Circuit Court's province in the COLs referenced supra, to weigh the evidence and assess credibility to determine factual questions such as the date of transfer, and whether a transferee knew or should have known of fraud.  See id.  The Circuit Court's findings and mixed FOF/COL determinations in COLs 7 and 20 as to the date of transfer and whether the transferee defense under HRS § 651C-8(a) was proved, are supported by substantial evidence, and are not clearly erroneous.  See Schmidt, 145 Hawaiʻi at 360, 452 P.3d at 357; Chun, 106 Hawaiʻi at 430, 106 P.3d at 353.

12

### C. POEs 4 and 5, valuation of damages

In POEs 4 and 5, Shigezo Inc. contends that the Circuit Court erroneously concluded in the FOFs, COLs and Amended Order that there was "no evidence of the value of the transferred assets" and erroneously awarded nominal damages of one dollar, "despite evidence to the contrary that assets were transferred in bad faith and not for a reasonably sufficient value." The POEs fail to identify any FOFs or COLs that Shigezo Inc. challenges. See HRAP Rule 28(b)(4). In the Argument section of the Opening Brief, however, Shigezo Inc. challenges "COL [sic] #14" which appears to be an erroneous reference to *FOF* 14; "COL #17"; "FOF #31"; "COL [sic] #13, 16, #17, 19, 22, 23, 24," which appear to be erroneous references to *FOFs* 13, 16, 17, 19, 22-24; and "COL #18." See Marvin, 127 Hawaiʻi at 496, 280 P.3d at 94. The gist of Shigezo Inc.'s arguments as to the above FOFs and COLs, is that the Circuit Court's nominal damages award was based on erroneous findings regarding the value of INOC's tangible and intangible assets, which were, as Shigezo Inc. contends, at least $97,000.00[12] or at least $40,000.00 in the alternative. As to Shigezo Inc.'s remaining arguments regarding valuation of other assets such as the "goodwill" of the Soy to the World business, Yamada's valuation of INOC as "approximately $400,000" or "approximately $350,000," and the total value of INOC's assets as $146,350 based on the 2006 Soy to the World Inventory List, the Circuit Court was entitled to reject these valuations as the trier of fact, based on its assessment of the credibility and weight of the evidence. See Porter, 116 Hawaiʻi at 59-60, 169 P.3d at 1011-12.

We address Shigezo Inc.'s contention that the damages should have been at least $40,000.00, which has merit. Shigezo Inc. argues that the Circuit Court "erred when it entered the

---

[12] Neither the Opening Brief nor the single record reference provided for the $97,000.00 figure explains how Shigezo, Inc. arrives at this amount. The record reference lists page 313, "JT-6," which is a Stipulated joint trial exhibit entitled "Soy to the World Main Inventory List[.]" The total listed for all the items on the list is "146350 Dollars[.]" There is no reference to a $97,000.00 amount. We do not address the $97,000.00 figure or any argument based on it. See HRAP Rule 28(b)(7).

amended judgment awarding [Shigezo Inc.] nominal damages in the amount of one dollar based on 'there being devoid [sic] any competent evidence.'"  The "devoid" of "competent evidence" quoted language is from COL 26, which is not among the COLs that Shigezo Inc. specifically challenges.  COL 26 states:

> 26.  Nonetheless, as this court previously stated in its February 12, 2014 FOF, COL and Order, where "[Shigezo Inc.] has proven that Defendant Yamada and/or Defendant INOC engaged in certain actions, to *wit*, that steps were taken intended to hinder, delay defeat [sic] Shigezo's attempts to collect on the 10/6/08 Judgment, but there is devoid [sic] any competent evidence of Shigezo's damages, [Shigezo Inc.] is only entitled to nominal damages."  "And in defining nominal damages, the court awards Plaintiff the sum of One Dollar."  <u>See, e.g.</u>[,] <u>Uyemura v. Wick</u>[,] 57 Haw. 102, 551 P.2d 171 (1976); <u>Minatoya v. Mousel</u>[,] 2 Haw. App. 1, 625 P.2d 378 (1981).

Although we may treat unchallenged COLs as binding, a COL is also "freely reviewable for its correctness." <u>Allstate Ins. Co.</u>, 105 Hawaiʻi at 453, 99 P.3d at 104; <u>Amfac, Inc.</u>, 74 Haw. at 125, 839 P.2d at 31.  Accordingly, we review Shigezo Inc.'s contention that it "should recover at the least, $40,000 . . . evidenced by [Transferee] IWATA's acceptance of the machine as collateral for the loan."

In <u>Shigezo I</u>, we noted that Shigezo Inc. demonstrated its "*prima facie* entitlement to the remedy of avoidance of the transfer by establishing under HRS § 651C-4(a)(1) that the transfer was fraudulent."  2016 WL 4542016, at *2 (citing HRS § 651C-7(a)(1993)).[13]  HRS § 651C-8(b) sets forth the liability and judgment amount for a voidable transfer as follows:

> (b) Except as otherwise provided in this section, <u>to the extent a transfer is voidable in an action by a creditor under section 651C-7(a)(1), the creditor may recover judgment for the value of the asset transferred</u>, as adjusted under subsection (c), or the amount necessary to satisfy the

---

[13]  HRS § 651C-7(a) (2016), entitled "Remedies of creditors," provides for the remedy of avoidance as follows:

(a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations provided in section 651C-8, may obtain:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim . . . .

creditor's claim, whichever is less. <u>The judgment may be</u> <u>entered against</u>:

(1) The first transferee of the asset or <u>the person</u> <u>for whose benefit the transfer was made</u>; or

. . . .

(c) If the judgment under subsection (b) is based upon the value of the asset transferred, <u>the judgment must be for an</u> <u>amount equal to the value of the asset at the time of the</u> <u>transfer, subject to adjustment as the equities may require</u>.

(Emphases added). Under HRS § 651C-8(b)(1), a creditor such as Shigezo Inc. may recover judgment for "the value of the asset transferred" against the "person for whose benefit the transfer was made" -- which is INOC, the debtor and entity listed on the Bill of Sale. <u>See</u> <u>Citizens Nat. Bank of Tx. v. NXS Const., Inc.</u>, 387 S.W.3d 74, 84-85 (Tex. Ct. App. 2012) ("The person for whose benefit the transfer was made may include the actual debtor or someone attempting to avoid a debt.").[14] Subsection (c) prescribes that if a judgment is based on the value of the

---

[14] In <u>Citizens Nat. Bank of Tx.</u>, the court construed Texas's parallel UFTA provision, Texas Business and Commerce Code § 24.009, which is identical to HRS § 651C-8.

HUFTA is modeled after the Uniform Fraudulent Transfer Act of 1984 (**Model UFTA**), and HRS § 651C-8(a) is virtually identical to the language of the corresponding section 8(a) in the Model UFTA. <u>See</u> <u>Shigezo I</u>, 2016 WL 4541016 at *3 n.8. The Model UFTA section 8 provides in pertinent part:

(b) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under [section 651C-7(a)(1)], the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:

(1) The first transferee of the asset or the person for whose benefit the transfer was made; or

. . . .

(c) If the judgment under subsection (b) is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.

Unif. Fraudulent Transfer Act § 8 (1984). In interpreting HRS Chapter 651C, we may thus look to other states that have also adopted the Model UFTA. <u>See</u> <u>Schmidt</u>, 145 Hawaiʻi at 361, 452 P.3d at 358 (considering case law from Ohio, which has also adopted the Model UFTA, in determining when the statute of limitations begins to run under HRS § 651C-9(1)).

transferred asset, the judgment amount for a fraudulent transfer must be the "value of the asset at the time of the transfer, subject to adjustment as the equities may require."  As applied to this case, under HRS § 651C-8(b) and (c), Shigezo Inc. may recover the value of the asset transferred in "an amount equal to the value of the asset <u>at the time of the transfer</u>[.]"  HRS § 651C-8(c) (emphasis added).

Here, the Circuit Court determined the "present value" of the transferred asset under HRS § 651C-3 in COLs 14 and 15 as of the August 20, 2007 date of transfer, as follows:

> 14.  "Value" as defined under HRS§ 651C-3 states in relevant part:
>
> > (c) A transfer is made for present value if the exchange between the debtor and the transferee is intended by them to be contemporaneous and is in fact substantially contemporaneous.
>
> 15. The Bill of Sale and Warranty dated 8/20/2007 and <u>the checks issued by Mr. Iwata to Mr. Yamada/INOC totaling $40,000 was roughly equivalent in value to the $40,000 value of the tofu-making machine described on INOC's inventory sheet</u> as the "Soy milk Deaerator Ministar."  Mr. Maruko for Plaintiff Shigezo never disputed the monetary value of the "Soy milk Deaerator Ministar".  <u>Hence, the Bill of Sale and Warranty and the checks was a "transfer ... made for present value ... [and] the exchange</u> between Mr. Yamada and the transferee Mr. Iwata/Fujiya Honpo <u>was intended by them to be contemporaneous or substantially contemporaneous</u>.

(Emphases added).  Thus, the "value of the asset at the time of the transfer" on August 20, 2007 between Yamada/INOC and Transferee Iwata was $40,000.00.  HRS § 651C-8(c).  COL 15's determination regarding the value of the transferred tofu-making machinery at the time of the August 20, 2007 transfer is inconsistent with the ultimate damages conclusion in COL 26 that there was no "competent evidence" of damages.  <u>See</u> <u>id.</u>

The Circuit Court's findings and conclusions suggest that the Circuit Court focused on the lack of evidence of value at other time frames such as the 2008 writ of execution and the 2013 trial, rather than at the time of the August 20, 2007 date

of transfer. <u>See</u> FOF 34 and COL 24.[15] It appears that the focus on these events, rather than the August 20, 2007 date of transfer, led the Circuit Court to conclude in COL 26 that the record was "devoid" of "any competent evidence" of damages. The ultimate conclusion that no damages were proved and the corresponding award of one dollar in nominal damages is in conflict with HRS § 651C-8(c), which requires that the amount of the creditor's judgment be based on the "value of the asset at the time of the transfer, subject to adjustment as the equities may require."

For these reasons, we are left with a "definite and firm conviction" that a mistake was committed when the Circuit Court concluded that there was no competent evidence of Shigezo Inc.'s damages from the fraudulent transfer of the tofu-making

---

[15] In this regard, FOF 34 and COL 24 state:

> 34. However, other than the 12/13/06 Soy to the World Inventory List, <u>no exhibits or testimony were proffered by Plaintiff Shigezo as evidence of the present "value" of the tofu-making machine imported from Japan, at the time of these proceedings in August, 2013. No exhibits or testimony were proffered by Plaintiff Shigezo as evidence of the present "value" of the other equipment and/or supplies that Plaintiff sought to levy through execution of its writ. No testimony or exhibits were even proffered by Plaintiff Shigezo during the August 20, 2013 jury-waived trial as to whether and what machinery, equipment and/or supplies were physically on Fujiya's premises at the time Plaintiff Shigezo executed its writ upon Mr. Iwata/Fujiya Honpo in or around October 23, 2008</u>. No evidence was elicited during Plaintiff Shigezo's case-in-chief as to the process in manufacturing soy-based products. Both Mr. Iwata and Ms. Yamada were present during the jury-waived trial on August 20, 2013 for examination by Plaintiff's counsel. However, except for brief testimony elicited from Mr. Maruko by Plaintiff's counsel, no other witnesses were called upon to testify during Plaintiff's case-in-chief.
>
> . . . .
>
> 24. In addition, <u>no evidence was offered as to the current value of the other tofu-making equipment or other materials that were previously relocated from Soy to the World's premises in the Manoa Marketplace by Mr. Yamada to Fujiya Honpo's premises still in Mr. Iwata's possession at the time Plaintiff Shigezo's [sic] served its writ upon Mr. Iwata.</u> (Judge Faris also arriving at a similar conclusion of law.) [sic] Therefore, this court is unable to void the transfer of any other tofu-making equipment or materials.

(Emphases added).

machinery on August 20, 2007. <u>Schmidt</u>, 145 Hawaiʻi at 360, 452 P.3d at 357. We thus conclude that COL 26, which was a mixed FOF and COL citing a lack of evidence of damages and awarding one dollar in nominal damages in favor of Shigezo Inc. and against INOC, was clearly erroneous. <u>See</u> <u>id.</u>; <u>Chun</u>, 106 Hawaiʻi at 430, 106 P.3d at 353.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the Circuit Court of the First Circuit's April 20, 2017 Order Confirming Defendants Exhibits A-9 and A-10 Are Received into Evidence *Nunc Pro Tunc* to the Date of Trial; we vacate the Circuit Court's Conclusion of Law 26 in the April 20, 2017 Amended Findings of Fact, Amended Conclusions of Law and Amended Order, but affirm in all other respects. We also vacate the September 8, 2017 First Amended Judgment, and remand this case for further proceedings consistent with this Opinion.

DATED:  Honolulu, Hawaiʻi, November 30, 2022.

On the briefs:

Junsuke Aaron Otsuka,
(Otsuka & Associates),
for Plaintiff-Appellant.

Grant K. Kidani,
(Kidani Law Center),
for Defendants-Appellees,
Soy to the World
Incorporation, a Hawaii
Corporation, Emi Yamada,
Fujiya Honpo, Inc., a Hawaii
Corporation, and Yuji Iwata.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge